**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
EMILIO TATIS,                                              :
                                                           :
                Plaintiff,                            :        25-CV-4764 (VSB) (OTW)
                                                           :
                -against-                            :        **ORDER**
                                                           :
DOORDASH, INC., et al,                                     :
                                                           :
                Defendants.                           :
-----------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of ECF 42, wherein Defendants request that the Court deem Exhibit 1 to ECF 41 as party-view only. (*See* ECF Nos. 41-1, 42).

Defendant removed this case to federal court on June 5, 2025 and filed the Complaint on June 6, 2025. (ECF Nos. 1, 6). On the same day, Defendants filed a letter motion to seal or strike the Complaint filed at ECF 6, asserting that the New York State Supreme Court granted a sealing order sealing paragraphs 60, 67, 68, 69, 70, 71, 82, 114-117, 130, 132-134, and 171-176 of the Complaint, and that the state court's order remains in effect "pending a hearing" on the motion to seal. (*See* ECF 7). The same day, Judge Oetken directed the Clerk of Court to designate the Complaint as party-view only. (ECF 8). Plaintiff filed a letter response on June 8, 2025, asserting that the state court's sealing order is not enforceable unless a federal court has reviewed the sealing order and made "specific and on-the-record finding[s] that sealing is essential and narrowly tailored. (ECF 10) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)).

On June 12, 2025, Plaintiff filed a letter motion seeking leave to file an amended complaint. (ECF 11).[1] After this case was referred to me on June 13, 2025, (ECF 13), Defendants filed a motion to compel arbitration. (ECF 15). Plaintiff then filed a letter motion seeking to stay Defendants' motion to arbitrate. (ECF 18). Plaintiff filed an Amended Complaint on June 20, 2025. (ECF 19). Because Plaintiff's Amended Complaint was publicly filed, notwithstanding Judge Oetken's temporary sealing of Plaintiff's original Complaint, Defendants filed another letter motion to seal the Amended Complaint, citing the same reasons as their original motion to seal. (ECF 23). Then, Plaintiff appears to have filed another "First Amended Complaint" on June 23, 2025. (ECF 25). Judge Broderick then directed the Clerk of Court to designate Plaintiffs' two Amended Complaints as party-view only. (ECF 29).

Then, on June 27 and June 30, 2025, Plaintiff filed two letter motions that, *inter alia*, seek to unseal Plaintiffs' Complaint and Amended Complaints. (*See* ECF Nos. 33, 34). Defendant filed a new motion to compel arbitration on July 16, 2025. (ECF 37). Notwithstanding the prior activity in this case, Plaintiff included in their opposition an "exhibit" that contains a complete, unredacted version of the Amended Complaint. (*See* ECF 41-1). Defendants' motions to seal and Plaintiff's motion to unseal all remain outstanding. (*See* ECF Nos. 7, 23, 33, 34).

The Court is growing concerned by Plaintiff's seeming disregard for the Court's decisions to keep the Complaint and Amended Complaint sealed until it has ruled on the pending sealing motions. Plaintiff is warned that **until the Court has ruled on the pending sealing motions, all forms of the Complaint and Amended Complaint are to remain under temporary seal and will**

---

[1] This case was reassigned to Judge Broderick on June 12, 2025.

2

**be designated as party-view only.** Any attempts to circumvent this Order may result in sanctions under Fed. R. Civ. P. 11 and 16, 28 U.S.C. § 1927, and/or the Court's inherent authority.

Plaintiff's motion for leave to file the amended complaint (ECF 11) and first letter motion to stay Defendant's motion to arbitrate (ECF 18) are **DENIED as moot.**

The Clerk of Court is directed to designate ECF 41-1 as party-view only.

The Clerk of Court is respectfully directed to close ECF Nos. 11 and 18.

**SO ORDERED.**

|  |  |
|---|---|
| Dated: July 23, 2025<br>New York, New York | _s/ Ona T. Wang_<br>**Ona T. Wang**<br>United States Magistrate Judge |