

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, New York 11747


Daniel Gomez-Sanchez
631.247.4713 direct
631.247.4700 main
631.824.9249 fax
dsgomez@littler.com


**VIA ECF**

August 4, 2025

Hon. Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Tatis v. DoorDash, Inc., et al.*
              Case No.:  1:25-cv-04764

Dear Judge Broderick:

As the Court is aware, this firm represents Defendants in the above-referenced action.  We write, with the consent of Plaintiff, to request that the Court consolidate the motions to compel arbitration currently pending before this Court.

By way of background, on June 13, 2025, Defendant DoorDash filed a motion to compel arbitration.  ECF Doc. No. 15.  On or about June 20 and 25, 2025, Plaintiff filed an Amended Complaint adding as defendants Sarah Heidenreich and Brandon Farley.  ECF Doc. Nos. 19 and 25.  On July 16, 2025, Defendants filed a motion to compel arbitration.  ECF Doc. No. 37.  On July 17, 2025, Plaintiff filed opposition to Defendant DoorDash's motion to compel arbitration (ECF Doc. No. 15).  See ECF Doc. Nos. 40-41.

Given the pending motions to compel arbitration, the Parties reached an agreement, pending the Court's approval, to consolidate the motions to compel arbitration (ECF Doc. Nos. 15 and 37) and treat Plaintiff's July 17, 2025 filing (ECF Doc. Nos. 40-41) as opposition to both motions.  The Parties believe this would avoid unnecessary duplication of efforts, allow Defendant to file one set of reply papers in support of both motions, and create efficiencies for the Court.  As such, unless directed otherwise by the Court, Defendants intend on filing one set of reply papers in further support of their motions to compel arbitration by August 14, 2025.

We thank the Court for its time in this matter.

Respectfully submitted,

*/s/ Daniel Gomez-Sanchez*

Daniel Gomez-Sanchez

cc:   Magistrate Judge Ona T. Wang (via ECF)
      John Scola (via ECF)

4930-7213-3466.1 / 084516.1237

The above-captioned case was filed in the Supreme Court of the State of New York, County of New York, on May 22, 2025.  (*See* Doc. 1 at 1.)  On June 5, 2025, Defendant DoorDash Inc. ("DoorDash") removed this case to the Southern District of New York.  (*Id*.)  On June 6, 2025, Plaintiff Emilio Tatis filed his Complaint on the docket, (Doc. 6), despite the fact that his Complaint was incorporated into the Notice of Removal, (Doc. 1).  The Complaint at Doc. 6 is identical to the Complaint filed in State Court, even bearing the same May 22, 2025 date.  (*See* Doc. 6.)  Therefore, I will consider it a nullity and not an amended complaint.

On June 13, 2025, DoorDash filed a motion to compel arbitration.  (Doc. 15.)  On June 20, 2025, Plaintiff filed a "First Amended Complaint," which was deemed a deficient pleading by the Clerk's Office.  (Doc. 19.)  On June 25, 2025, Plaintiff refiled his First Amended Complaint, which was also deemed a deficient pleading.  (Doc. 25.)  On June 25, 2025, Plaintiff sufficiently filed this document, labeled "Amended Complaint."  (Doc. 31.)  Due to the deficient filing notices and the substantive similarity of all three documents, I will treat these three filings as various attempts to file one amended complaint, culminating in Doc. 31.  As Plaintiff could amend his pleading once as of right given that Defendant's initial motion to compel arbitration sought dismissal of this action, *see* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course no later than . . . 21 days after service of a motion under Rule 12(b)"), and Defendants did not object to the amendment, (*see* Doc. 39 at 1 ("Plaintiff filed an Amended Complaint, necessitating the instant Amended Motion.")), I will consider Doc. 31 to be the operative complaint in this case.  Plaintiff is cautioned that he may not amend his complaint again without Defendants' written consent or the court's leave.  *See* Fed. R. Civ. P. 15(a)(2).

As Doc. 31 is the operative complaint in this action and all three Defendants joined in an "amended motion" to compel arbitration in response, (*see* Doc. 39 at 1), I will consider the motion to compel arbitration at Doc. 37 the only pending dispositive motion.  Thus, Defendants filing one set of reply papers is appropriate.

The motion to compel arbitration at Doc. 15 is hereby DENIED as moot.  The Clerk of Court is hereby directed to terminate the motion pending at Doc. 15.

Dated:  August 6, 2025

SO ORDERED:

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

littler.com