**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

EMILIO TATIS,                                          :
                                                       :
                              Plaintiff,               :            25-CV-4764 (VSB) (OTW)
                                                       :
                    -against-                          :            **OPINION & ORDER**
                                                       :
DOORDASH, INC., et al,                                 :
                                                       :
                              Defendants.              :
-------------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

> **I.     INTRODUCTION**

Plaintiff Emilio Tatis brings this action against Defendants DoorDash Inc. ("DoorDash"), Sarah Heidenreich, and Brandon Farley (collectively "Defendants"), alleging eight[1] causes of action for caretaker discrimination, disability association discrimination, hostile work environment, and retaliation against Defendant in violation of the New York City Administrative Code § 8-107. (ECF 31, Operative Complaint ¶¶ 252-331). This case was removed to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1332(a). (ECF 1 at 4). Pending before the Court is Defendants' motion to compel arbitration, to stay proceedings, and for attorneys' fees. (ECF 39). For the following reasons, the motion to compel arbitration is **GRANTED**, and the proceedings are hereby **STAYED** pending the completion of arbitration. The motion for attorneys' fees and costs associated with bringing this motion is **DENIED**[2].

---

[1] The original complaint filed in the Supreme Court of the State of New York, County of New York alleged nine causes of action. (ECF 1-1 at ¶¶ 195-282). Count V of the original complaint, retaliation in violation of New York State Executive Law § 296, does not appear in the operative complaint at ECF 31.

[2] 28 U.S.C. § 1927 sanctions are authorized for an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously." That is not the case here.

## II.    BACKGROUND

### A.  Procedural Background

#### 1.  State Court Proceeding

This action was originally filed in the Supreme Court of the State of New York, County of New York, on May 22, 2025. (*See* ECF 1 at 1). On June 5, 2025, Defendant DoorDash removed the case to this Court. *Id.* The following day, Plaintiff filed his Complaint on the docket. (ECF 6). Because that pleading had already been incorporated into the Notice of Removal (ECF 1), and because the filing at ECF 6 is identical to the state-court Complaint and bears the same May 22, 2025 date, the Court deemed ECF 6 a nullity rather than an amended complaint. (ECF 55).

#### 2.  Amended Complaint and Operative Motion

On June 13, 2025, DoorDash filed a motion to compel arbitration. (ECF 15). On June 20, 2025, Plaintiff filed a "First Amended Complaint," which the Clerk's Office deemed deficient. (ECF 19). Plaintiff refiled that pleading on June 25, 2025, but it was again marked deficient. (ECF 25). Eventually, Plaintiff successfully filed a document titled "Amended Complaint." (ECF 31). In light of the deficiency notices and the substantive similarity among the three submissions, the Court construed these filings as successive attempts to file a single amended complaint. (ECF 55).

Because Defendants' initial motion to compel arbitration sought dismissal of the action, Plaintiff was entitled to amend his pleading once as of right. (ECF 55; *See* Fed. R. Civ. P. 15(a)(1)(B)). Defendants did not object to the amendment. (*See* ECF 39 at 1 ("Plaintiff filed an Amended Complaint, necessitating the instant Amended Motion.").) Accordingly, the Court determined that ECF 31 is the operative complaint in this matter.

Defendants filed a letter on August 4, 2025, seeking leave of the Court to consolidate the two motions to compel arbitration at ECF Nos. 15 and 37. (ECF 54). The Court granted the motion,

2

denying the motion at ECF 15 moot, and declaring the motion at ECF 37 to be the operative motion. *Id.*

###### B. Factual Background

Plaintiff Emilio Tatis began his employment with DoorDash on November 28, 2022, as a Security Engineer. (Op. Compl. ¶41; ECF 39 ("Motion to Compel Arbitration") at 3). Defendant Sarah Heidenreich serves as a Senior Manager at DoorDash and became Plaintiff's supervisor in August of 2024. (Op. Compl. ¶ 9-10, 57; ECF 39 at 14). Defendant Farley serves as a Senior Manager and supervisor at DoorDash. (Op. Compl. ¶ 13; ECF 39 at 14). Plaintiff alleges that he was terminated from his role due to his caretaker status, association with his disabled son, and for seeking accommodations related thereto. (Op. Compl. ¶ 171, 252-291).

### III.    DISCUSSION

#### A. Choice of Law

The employment contract signed by Plaintiff contained a choice of law provision stating:

> The terms of this letter agreement and the resolution of any disputes as to the meaning, effect, performance or validity of this letter agreement or arising out of, related to, or in any way connected with, this letter agreement, your employment with the Company or any other relationship between you and the Company (the "Disputes") will be governed by <u>California</u> law, excluding laws relating to conflicts or choice of law.

(ECF 41-4 at 3) (emphasis added). Plaintiff argues that New York or New Jersey state law should apply, as he worked "exclusively from New Jersey" in a role that was advertised as "New York Metro." (ECF 45 at 3) (internal citations omitted). Defendant argues that the parties must arbitrate, regardless of which state law applies, as the state laws of New York, New Jersey, and California all favor arbitration in this instance. (ECF 57 at 3).

Choice of law provisions generally "designate only the substantive law to be applied by the arbitrators and do not displace application of federal arbitration law to determine the arbitrability of claims or any defenses thereto such as waiver." *Sierra Telcom Servs., Inc. v. Ericsson Bus. Commc'ns, Inc.*, No. 93-CV-4714 (RPP), 1993 WL 322805, at *6 (S.D.N.Y. Aug. 17, 1993); *see also Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 131 (2d Cir. 1997) ("[E]ven the inclusion in the contract of a general choice-of-law clause does not require application of state law to arbitrability issues, unless it is clear that the parties intended state arbitration law to apply on a particular issue.") (citations omitted). Indeed, absent clear intent by the parties to have state law govern arbitrability, the Federal Arbitration Act ("FAA") applies. *See Smith v. Allstate Power Vac, Inc.*, 482 F. Supp. 3d 40, 47 (E.D.N.Y. 2020). Accordingly, the question of arbitrability here is governed by the FAA.

B.   Legal Standard for Motions to Compel Arbitration

Section 2 of the FAA provides that a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has directed courts to "rigorously enforce arbitration agreements according to their terms." *Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013) (citation and internal quotation marks omitted). Section 3 of the FAA further provides that if any suit is brought in federal court "upon any issue referable to arbitration," the court, "upon being satisfied" that an issue involved in the suit is referable to arbitration, "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

Parties should not be compelled to arbitrate if they did not form a valid and enforceable contract to arbitrate. *See Necchi S.p.A. v. Necchi Sewing Machine Sales Corp.*, 348 F.2d 693, 696 (2d Cir. 1965), *cert. denied*, 383 U.S. 909, 86 S.Ct. 892, 15 L.Ed.2d 664 (1966). Where the parties dispute whether an agreement to arbitrate has been made, the presumption favoring arbitrability does not apply. *Applied Energetics, Inc. v. NewOak Capital Markets, LLC*, 645 F.3d 522, 526 (2d Cir. 2011). Nonetheless, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

The party moving to compel arbitration bears the initial burden of showing that an arbitration agreement exists by a preponderance of the credible evidence. *Fleming v. J. Crew*, No. 16-CV-2663 (GHW), 2016 WL 6208570, at *3 (S.D.N.Y. Oct. 21, 2016) (citing *Couch v. AT&T Servs., Inc.*, No. 13-CV-2004 (DRH) (GRB), 2014 WL 7424093, at *3 (E.D.N.Y. Dec. 31, 2014)); *see Oppenheimer & Co., Inc. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995). "A preponderance of the evidence means such evidence which, when considered and compared with that opposed to it, produces a belief that what is sought to be proved is more likely true than not." *Bernardino v. Barnes & Noble Booksellers, Inc.*, No. 17-CV-4570 (LAK) (KHP), 2017 WL 7309893, at *2 (S.D.N.Y. Nov. 20, 2017) (citation omitted), *adopted by*, No. 17-CV-4570 (LAK), 2018 WL 671258 (S.D.N.Y. Jan. 31, 2018), *aff'd*, 763 F. App'x 101 (2d Cir. 2019).

If the movant meets this *prima facie* showing, the burden shifts to the non-movant to show that: (i) they did not consent to arbitration, (ii) the arbitration agreement is invalid or unenforceable, or (iii) the arbitration agreement does not encompass the claims the movant wishes to arbitrate. *See Porcelli v. JetSmarter, Inc.*, No. 19-CV-2537 (PAE), 2019 WL 2371896, at

*3 (S.D.N.Y. June 5, 2019) (citations omitted); *Application of Whitehaven S.F., LLC v. Spangler*, 45 F. Supp. 3d 333, 342-43 (S.D.N.Y. 2014), (citing *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 90-92 (2000)), *aff'd*, 633 F. App'x 544 (2d Cir. 2015).

When deciding a motion to compel arbitration and stay all or part of a litigation pursuant to the FAA, the court applies a "standard similar to that applicable for a motion for summary judgment." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017) (quoting *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016)). Under this standard, the court considers all relevant, admissible evidence contained in the pleadings, admissions on file, and affidavits. *Id.* (citations omitted).

In the absence of a genuine issue of material fact regarding the formation of the arbitration agreement, the motion to compel and to stay the litigation (in whole or in part) must be granted if the dispute falls within the scope of the arbitration agreement. *Id.*

    C.   DoorDash has made a prima facie showing of the existence of a Valid Arbitration Agreement between Tatis and DoorDash

The parties dispute the existence of a valid arbitration agreement. Defendant presents evidence that Tatis signed an offer letter and arbitration agreement on November 11, 2022, and began employment at DoorDash 17 days later. (ECF 39 at 2-2). Plaintiff claims that the agreement is unenforceable as procedurally unconscionable. (ECF 45 at 5, 10-11). Plaintiff alleges that the arbitration agreement is unenforceable under CPLR § 7515 because the contract "provided no meaningful explanation of the rights being waived" and the clause compelling arbitration is "buried in dense legal text spanning multiple pages…and is presented in ordinary capitalization rather than bold or otherwise conspicuous formatting." (Op. Compl. ¶ 23-24).

    i.     *Unconscionability of the arbitration provision*

If the Arbitration Provision is unconscionable, the Court may not compel arbitration in this matter. *Nayal v. HIP Network Servs. IPA, Inc.*, 620 F. Supp. 2d 566, 570 (S.D.N.Y. 2009).The FAA recognizes that an arbitration clause is not enforceable on "such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[G]enerally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements" in accordance with § 2 of the FAA. *Doctor's Assocs., Inc. v. Casarotto,* 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996). Thus, unconscionability is an available defense to the enforcement of the Arbitration Provision.

I do not agree, however, with Plaintiff's characterization of the arbitration clause as "procedurally unconscionable" due to its being "buried in a dense, hyperlinked document," that was "never explained, and presented in a take-it-or-leave-it format." (ECF 45 at 11). Plaintiff's argument fails for two reasons. First, Plaintiff does not allege that he had no opportunity to negotiate the terms of the agreement, or that Defendants prevented him from doing so. In fact, Defendants allege that Plaintiff had the opportunity to return a form to opt-out of the arbitration clause, and that Plaintiff's Offer Letter advised him that, "Arbitration is not a mandatory condition of your employment at the Company, and you may opt out of arbitration as set forth in Exhibit B. (ECF 39 at 11).  Second, even if the Agreement was a form contract offered on a "take-it-or-leave-it" basis and Plaintiff refused to negotiate the arbitration provision, this is not sufficient under New York law to render the provision procedurally unconscionable. *See In re Apollo Air Passenger Computer Reservation System (CRS),* 720 F.Supp. 1061, 1065 (S.D.N.Y.1989) (holding that although the contract was presented "on a take it or leave it basis, that alone does not render the contract unconscionable").

D.  Plaintiff's Claims are within the Scope of the Arbitration Agreement

Defendants allege that all of Plaintiff's claims relate to his employment and are therefore within the scope of the arbitration agreement. (ECF 39 at 3). Plaintiff argues that any violation of of NYCHRL cannot be waived in an arbitration agreement, thus are out of scope of an arbitration agreement. (EFC 45 at 8-9).

"[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Guyden v. Aetna, Inc.*, 544 F.3d 376, 382 (2d Cir. 2008). Accordingly, "arbitration should be compelled unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Morehouse*, 2022 WL 912966, at *6 (internal citations and punctuation omitted). It is clear based on both parties' filings that the dispute in question fall within the scope of Plaintiff's work with DoorDash. Accordingly, Plaintiff's claims are well within the scope of the events Defendants wish to arbitrate.

## IV.    CONCLUSION

Because a valid agreement to arbitrate exists here, and because Plaintiff's claims fall within the scope of that agreement, Defendant's Motion to Compel Arbitration be **GRANTED** and the action is **STAYED** pending completion of arbitration.

The Clerk of the Court is respectfully directed to close ECF 37.

**SO ORDERED.**

<table>
<tr><td></td><td><u>  s/ Ona T. Wang  </u></td></tr>
<tr><td>Dated: March 16, 2026</td><td>**Ona T. Wang**</td></tr>
<tr><td>New York, New York</td><td>United States Magistrate Judge</td></tr>
</table>